Gary Sparling, WSBA # 23208
**Soha & Lang, P.S.**
1325 Fourth Avenue, Suite 2000
Seattle, WA  98101-2570
Telephone:  206-624-1800
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONTINENTAL DIVIDE INSURANCE COMPANY, a Colorado corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EPHRATA TRUCKING, LLC, a Washington Limited Liability Company; SAMY ZEWDU and JANE DOE ZEWDU, husband and wife, and the marital community composed thereof; PHILLIP A. TRAULSEN, an unmarried individual; and RICHARD TRAULSEN and CAROL TRAULSEN, husband and wife, and the marital community composed thereof;<br><br>Defendants. | Cause No.:<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**28 U.S.C. § 1332(a)(2)** |

COMES NOW plaintiff Continental Divide Insurance Company ("Plaintiff") and alleges as follows:

### I.   NATURE OF ACTION

1. This is an insurance dispute arising out of an underlying lawsuit, *Traulsen v. Ephrata Trucking LLC, et al.*, King County, Washington, Superior Court Case No. 17-2-13809-6 KNT (the "Underlying Suit").  In the Underlying Suit, defendant Phillip Traulsen and his

parents sued Plaintiff's insureds, Ephrata Trucking LLC and Samy Zewdu, after Mr. Traulsen was struck by a truck owned by Ephrata Trucking LLC and driven by Mr. Zewdu.

2. In this action, Plaintiff seeks a declaration that a single $1 million coverage limit applies to its insurance policy issued to defendant Ephrata Trucking, LLC, with respect to the Underlying Suit.

3. Plaintiff also seeks a declaration that under the facts of this case, it had no legal obligation to disclose the policy's coverage limit to Phillip Traulsen or his parents less than two months after the accident, when Plaintiff had only limited information regarding liability and Phillip Traulsen's injuries.

4. Plaintiff also seeks a declaration that under the facts of this case, Plaintiff did not breach the insurance contract, it was not negligent, it did not act in bad faith, it did not violate the Consumer Protection Act, and it did not violate the Washington Insurance Fair Conduct Act.

## II.    PARTIES

5. Plaintiff Continental Divide Insurance Company ("Plaintiff") is a Colorado corporation having its administrative and statutory office in the City and County of Denver, Colorado.

6. On information and belief, defendant Ephrata Trucking LLC ("Ephrata") is a Washington limited liability company having its principal place of business in Kent, King County, Washington.

7. On information and belief, defendants Samy Zewdu ("Mr. Zewdu") and Jane Doe Zewdu are husband and wife who resided in Kent, King County, Washington at times relevant.

8. On information and belief, defendant Phillip A. Traulsen ("Phillip Traulsen") is an unmarried individual who resided in Tacoma, Pierce County, Washington at times relevant.

9. On information and belief, defendants Richard Traulsen and Carol Traulsen (collectively, "Parents") are husband and wife who resided in Tacoma, Pierce County, Washington at times relevant.

### III.   JURISDICTION AND VENUE

10. <u>Subject Matter Jurisdiction.</u>  This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because this controversy is between citizens of different states and because the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332(a).

11. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over the defendants who, on information and belief, are a Washington limited liability company and persons who resided in Washington at relevant times.

12. <u>Venue</u>.  Venue is properly laid in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this controversy and the Underlying Suit occurred in this District.

### IV.   FACTUAL ALLEGATIONS

1. Plaintiff issued liability insurance to Ephrata under Truckers Coverage Policy No. 05 TRM 014409–02, which was in effect from September 16, 2016 to September 16, 2017 (the "Policy").

2. Both Ephrata and Mr. Zewdu are insureds on the Policy.

3. Subject to its terms, limitations, conditions and exclusions, the Policy provides liability insurance for sums an insured legally must pay as damages because of "bodily injury"

caused by an "accident" and resulting from the ownership, maintenance of use of a covered "auto."

4. The Policy provides this coverage with a combined single limit of $1 million for any one accident or loss.

5. On April 10, 2017, while crossing the street in an intersection in Kent, Washington, Phillip Traulsen was struck by a truck that was owned by Ephrata and was being driven by Mr. Zewdu (the "Incident").

6. On April 11, 2017, Plaintiff opened a claim for the Incident and began collecting information regarding liability and Phillip Traulsen's injuries.

7. On May 11, 2017, Plaintiff received a letter from the Luvera Law Firm, which represented Phillip Traulsen and his Parents regarding the Incident. The letter asked Plaintiff to disclose the Policy's coverage limit and stated, "The failure to reveal liability limits pre-suit may be bad faith," citing *Smith v. Safeco Ins.*, 112 Wn. App. 645 (2002).

8. On May 19, 2017, Plaintiff sent a letter responding to the Luvera Law Firm, stating:

> I have reviewed your request for disclosure of our insured's policy limits, pursuant to *Smith v. Safeco Ins.*, 112 Wn. App. 645 (2002). At this time I am unable to determine if disclosure [of] our insured's policy limits is in our insured's best interest, and therefore will not be disclosing the limits. This decision is based solely upon the information we have received to date, which includes the police report and your letter of representation. Should you have additional information or documentation of your client's injuries you would like me to consider, please send me the same and I will re-consider your request for disclosure of our insured's policy limits.

9. No additional information or documentation was provided to Plaintiff in response to Plaintiff's letter.

10. On May 30, 2017, the Luvera Law Firm filed the Underlying Suit against Ephrata and Mr. Zewdu on behalf of Phillip Traulsen and his Parents.

11. The Complaint for Damages against Ephrata and Mr. Zewdu in the Underlying Suit includes the following allegations:

5.2 This lawsuit was necessitated due to the actions of the defendants and their insurance company(s).

5.3 Liability insurance for commercial vehicles is required by state and federal laws. As a result, liability insurance is not purely a private affair, but abounds with public policy interests and considerations, including that insurance should operate to protect the insureds while also affording innocent injured third persons like the Traulsen plaintiffs with the maximum benefits and timely protection possible. Moreover, the amount of liability insurance impacts the handling of claims and the availability and collection of other insurance benefits, such as underinsurance ("UIM") coverage.

5.4 Defendant(s) are insured with one or more insurance companies. According to standard insurance law, the insurers have initial control of negotiations, requiring them to exercise that control in the best interests of the insureds, the injured parties and the public policy concerns. A breach by any insurance company of the public interests, a law, or any express or implied term of the contract, including the failure to timely disclose the insurance limits, can be bad faith, unfair and deceptive acts or practices in violation of the Consumer Protection Act, and/or breach of contract, relieving it of future control of negotiations or settlement and opening up or lifting the insurance limits to provide for unlimited insurance coverage and protection.

5.5 Defendants' insurance company(s) were contacted with a request to disclose the amount of liability insurance limits. Defendants' insurers chose not to comply with the law and rules on good faith claim handling. Instead, they chose not to inform and advise the defendant-insureds of the request, failed to inform them of the consequences of its tactics and actions, and/or refused to disclose the liability insurance limits.

5.6 The obstruction to and deliberate decision not to disclos[e] the limits of insurance has precluded plaintiffs from timely pursuing their own underinsurance UIM benefits. Those choices and actions have also cut off negotiations, foreclosed settlement, lost the opportunity to settle and protect the defendants within limits and compelled plaintiffs to hire attorneys to file a lawsuit. All information regarding liability insurance, including the amount of the limits and any documents affecting coverage, are available and subject to forced disclosure, with nothing in return, pursuant to Civil Rule 26.

5.7 Therefore, plaintiffs are forced to file suit at this point against the defendants due to their fault and the insurance company's refusal to negotiate in good faith and/or to handle the claims in a fair, prompt, reasonable or good faith manner.

12. On information and belief, Ephrata and Mr. Zewdu were served with the Complaint for Damages in the Underlying Suit on June 14, 2017.

13. On June 20, 2017, Plaintiff retained attorney R. Scott Fallon and the law firm of Fallon McKinley & Wakefield PLLC ("Defense Counsel") to defend Ephrata and Mr. Zewdu in the Underlying Suit.

14. Plaintiff defended Ephrata and Mr. Zewdu in the Underlying Suit without reservation of rights.

15. On information and belief, Defense Counsel produced a certified copy of Plaintiff's insurance policy to the Luvera Firm in July 2017.

16. On information and belief, Defense Counsel received a portion of Phillip Traulsen's medical records in early November 2017.

17. On January 16, 2018, Defense Counsel sent Plaintiff updated billing and medical summaries for Phillip Traulsen.

18. On January 17, 2018, Defense Counsel informed Plaintiff that Phillip Traulsen's medical bills through July 2017 totaled $746,395.37, and that his medical bills were approximately $950,000 as of January 2018.

19. Plaintiff never received a demand from the Luvera Firm to settle the Underlying Suit for the Policy's $1 million coverage limit.

20. On February 13, 2018, Plaintiff instructed Defense Counsel to offer the Policy's $1 million coverage limit in settlement of all claims against Ephrata and Mr. Zewdu in the Underlying Suit. That offer was not accepted by Mr. Traulsen and his Parents.

21. On information and belief, in early March 2018, the Luvera Firm asked Defense Counsel to advise Ephrata and Mr. Zewdu to retain "personal" counsel so they would agree to a

stipulated judgment and assignment of their insurance rights to Phillip Traulsen and his Parents, who would then assert a bad faith claim against Plaintiff.

22. On information and belief, Ephrata and Mr. Zewdu declined to retain personal counsel or agree to a stipulated judgment and assignment.

23. On information and belief, shortly before trial in the Underlying Suit, Ephrata and Mr. Zewdu signed an "Agreement" assigning their insurance rights and claims to Phillip Traulsen and his parents, and agreeing to have the amount of damages in the Underlying Suit determined by arbitration; in return, Ephrata and Mr. Zewdu were given a covenant not to execute on their assets other than insurance.

24. The "Agreement" further states that Ephrata and Mr. Zewdu "were sued due to the collision and claims mishandling by their insurance company."

25. On June 7, 2018, retired Judge Richard McDermott, acting as arbitrator pursuant to the Agreement, entered an order finding that Ephrata and Mr. Zewdu were liable for Phillip Traulsen's injuries and that there was no contributory fault by Mr. Traulsen.

26. The arbitration has been concluded and the parties are currently waiting for the arbitrator to issue his award.

## V.  CAUSE OF ACTION FOR DECLARATORY RELIEF

27. Plaintiff realleges the preceding paragraphs as though fully set forth herein.

28. An actual controversy within 28 U.S.C. § 2201, *et seq.* and the jurisdiction of this Court exists between Plaintiff and the defendants regarding whether the Policy's coverage for the Incident is limited to the $1 million combined limit per accident or loss.

29. An actual controversy within 28 U.S.C. § 2201, *et seq.* and the jurisdiction of this Court also exists between Plaintiff and the defendants regarding whether Plaintiff was

required to disclose its Policy limits to Phillip Traulsen and his Parents less than two months after the Incident, under the facts of this case.

30. An actual controversy within 28 U.S.C. § 2201, *et seq.* and the jurisdiction of this Court also exists between Plaintiff and the defendants regarding whether, under the facts of this case, Plaintiff breached the Policy, was negligent, acted in bad faith, violated the Consumer Protection Act, or violated the Washington Insurance Fair Conduct Act.

31. Plaintiff is entitled to a declaration that the Policy's coverage limit for the Incident is $1 million.

32. Plaintiff is also entitled to a declaration that it was not required to disclose its Policy limits to Phillip Traulsen and his Parents under the facts of this case.

33. Plaintiff is also entitled to a declaration that did not breach the Policy, that it was not negligent, that it did not act in bad faith, that it did not violate the Consumer Protection Act, and that it did not violate the Washington Insurance Fair Conduct Act.

## VI.     RESERVATION OF RIGHTS

Plaintiff reserves the right to amend its complaint to assert additional claims, allegations and/or other matters as additional facts are obtained through discovery and investigation.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against defendants as follows:

1. For a declaration that that the Policy's coverage for the Incident is limited to the $1 million coverage limit;

2. For a declaration that Plaintiff was not required to disclose its Policy limits to Phillip Traulsen and his Parents under the facts of this case;

3.       For a declaration that Plaintiff did not breach the Policy, was not negligent, did not act in bad faith, did not violate the Consumer Protection Act, and did not violate the Washington Insurance Fair Conduct Act;

4.       For Plaintiff's attorney fees and costs pursuant to statute, contract or equity; and

5.       For such other and further relief as this Court deems just and equitable.

DATED this 16th day of July, 2018.

> SOHA & LANG, P.S.
>
> By: */s/ Gary Sparling*
> Gary Sparling, WSBA # 23208
> Email address sparling@sohalang.com
> **Soha & Lang, P.S.**
> 1325 Fourth Avenue, Suite 2000
> Seattle, WA  98101-2570
> Telephone:  206-624-1800
> Facsimile:   206-624-3585
> Attorneys for Plaintiff

1206.00018 kf19dx18vg